UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>        Petitioner,<br><br>    v.<br><br>GORDON SPENCER,<br><br>        Respondent. | No. 1:20-cv-01833-NONE-EPG-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 10) |

      Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 14, 2021, the assigned magistrate judge issued findings and recommendations recommending that the petition be dismissed as an unauthorized second or successive petition. (Doc. No. 10.) The findings and recommendations were served on petitioner and contained notice that any objections were to be filed within thirty (30) days of the date of service of the findings and recommendation. (*Id.* at 3.) On March 25, 2021, petitioner filed a motion for jury trial and late objections to the findings and recommendations, explaining that his delayed filing resulted from a prison lockdown imposed due to COVID-19. (Doc. No. 11 at 1.) Despite the untimely filing, the court has reviewed petitioner's objections.

      Petitioner's objections reiterate challenges to his Merced County Superior Court first-degree murder and robbery convictions but, as explained by the assigned magistrate judge,

1

petitioner previously sought federal habeas relief in this court with respect to the same convictions. (Doc. No. 10 at 2–3.)  Therefore, petitioner must first obtain leave from the United States Court of Appeals for the Ninth Circuit before he can file a second or successive petition in district court. (*Id.* at 2 (citing *Felker v. Turpin*, 518 U.S. 651, 656–57 (1996).)  The objections do not indicate that he has obtained leave from the Ninth Circuit to file a second petition and absent this showing, the petition must be dismissed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the court has conducted a *de novo* review of the case, including petitioner's late objections.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253.  Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further.  Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on January 14, 2021 (Doc. No. 10), are adopted in full;

2

2. The petition for writ of habeas corpus is dismissed;

3. Petitioner's motion for jury trial (Doc. No. 11) is denied as moot;

4. The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case; and

5. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **April 8, 2021**

                                              UNITED STATES DISTRICT JUDGE